By the Court.
The Humane Society filed in the court of common pleas of Coshocton county, a petition for a writ of mandamus to compel the dev fendant as probate judge of Coshocton county to approve the appointment of one W. T. Knight as its agent for the purpose of prosecuting persons guilty of acts of cruelty to animals and children and to otherwise represent the society as provided by the laws of the state of Ohio.
The petition alleges that there was a vacancy in such agenev by reason of the corporation having discharged its former agent, and that it thereupon *201 duly appointed said Knight to the vacant place and asked the defendant as probate judge to approve of the appointment.
The petition further alleges that said Knight was a fit and proper person to appoint and act as such agent, he being experienced in a similar kind of work and otherwise qualified to fill the position.
The petition further alleges that the defendant did not object to the qualifications of Knight, but based his refusal upon other grounds. A demurrer to the petition was sustained in the court of common pleas and the petition was dismissed. The case was then taken on an appeal to the court of appeals where the same judgment was entered.
The theory presented for the reversal of the judgment is that the probate judge is without authority to refuse to approve if the person appointed is competent for the discharge of the duties of the place. The statutes relating to the subject comprise Sections 10062 to 10084, General Code, inclusive. They authorize the society to make appointments of agents without the approval of the probate judge, or any other officer, and the approval if given accomplishes but one purpose, possibly two. It does authorize the payment of the agent’s compensation out of the funds of the county and possibly it adds to the agent’s authority in making arrests. But the fact that the absence of the approval of the probate judge protects the county from the payment of salary or compensation to the agent must, we think, be regarded as vesting in the probate judge a discretion to determine whether, in view of all conditions existing, there is a public ne *202 ccssity for such appointment. No language of the statute restricts his discretion to a consideration of the fitness of the person whom the society names as agent, and the effect of his approval would not authorize us to infer such limitation.

Judgment affirmed.

Nichols, C. J., Sliauck, Johnson, Donahue, and Wilkin, JJ.-, concur.
Wanamaker, J., dissents.